IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STUART JAMES MOHR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 125-078 |
| | ) |
| TRACY PAGE, Warden, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. For the reasons set forth below, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **GRANTS IN PART** Respondent's motion to dismiss, (doc. no. 8), and **DISMISSES** Petitioner's Ground Two for failure to exhaust.

The Magistrate Judge correctly found Petitioner failed to exhaust Ground Two and recommended Petitioner be ordered to elect either: (1) dismissing the petition in its entirety so that he may present to the state habeas court his unexhausted claims in Grounds Two; or (2) notifying the Court of his preference to proceed in this Court only with respect to his exhausted claim in Ground One. (See doc. no. 15, pp. 11-13.) On August 21, 2025, Petitioner chose the second option. (Doc. no. 17.)

Thus, the Court **DISMISSES** Ground Two of the petition because it is unexhausted and **ORDERS** Respondent to respond in writing to the allegations of Ground One of Petitioner's petition, (doc. no. 1), within sixty days of the date of this Order. Pursuant to Rule

5, Rules Governing Section 2254 Cases in the United States District Courts, the answer shall include the following:

1. certified copy of the trial transcript from Petitioner's state court conviction;

2. certified copy of the transcript from Petitioner's state habeas corpus hearings;

3. decision of the state habeas courts; and,

4. if Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of Petitioner's and Respondent's brief on appeal and the opinion of the appellate court, if any, as to each proceeding.

Petitioner and Respondent shall submit to the Court their respective briefs of law within the aforementioned sixty day period, not to exceed twenty-six typewritten pages, double-spaced on letter-sized paper. Petitioner and Respondent shall refer to specific pages of the trial transcript in which it is contended that constitutional error did or did not occur.

No discovery shall be had by either party without leave of court. Rule 6, Rules Governing Section 2254 Cases in the United States District Courts. Unless and until Petitioner demonstrates that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of Petitioner's habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

SO ORDERED this 15th day of September, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

2