IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STUART JAMES MOHR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 125-078 |
| | ) | |
| TRACY PAGE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. nos. 34, 36.) None of the objections call into question the determination that Petitioner's claims form no basis for federal habeas corpus relief, but the following arguments warrant further comment.

In his first objection, Petitioner argues that the Court should not consider Respondent's filing addressing the merits of the remaining ground in the petition because it was filed late. (Doc. no. 34.) However, as the Magistrate Judge explained, neither default, nor summary judgment is appropriate in a petition for writ of habeas corpus. See, e.g., Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a default judgment is not contemplated in habeas corpus cases); Goodman v. Keohane, 663 F.2d 1044, 1047 n. 4 (11th Cir. 1981) (rejecting

[1] The Magistrate Judge entered the Report and Recommendation on July 27, 2026, and objections were due on August 13, 2026. (Doc. no. 32.) Petitioner filed a motion for extension of time to object to the Report and Recommendation, (doc. no. 35), which the Court now **GRANTS**. Petitioner has submitted his objections, which the Court considers timely. (Doc. nos. 34, 36.)

petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief). Thus, Respondent's tardy filing does not grant Petitioner the relief he seeks.

Petitioner's second objection is likewise unavailing. (Doc. no. 36.) He challenges various aspects of the seizure of the DVR recording of the incident underlying his conviction. (Id.) The Magistrate Judge determined that because Petitioner's Fourth Amendment claim was given an opportunity for full and fair consideration in state Court, this Court could not grant him federal habeas relief. See Stone v. Powell, 428 U.S. 465, 494 (1976) (precluding federal habeas relief of a Fourth Amendment claims where a petitioner had "an opportunity for full and fair litigation" of that claim in the state courts). Petitioner now argues that the hearing on his motion to suppress was "tainted," by various constitutional violations including "Due Process, fundamental fairness, equal protection . . ." (Id. at 4.). He asserts that these alleged constitutional violations entitle him to an evidentiary hearing and federal habeas review because he did not receive a "full and fair" opportunity to litigate his Fourth Amendment claim. (Id.)

As an initial matter, Petitioner provides no factual support for the alleged constitutional issues at his suppression hearing which he asserts justify both an evidentiary hearing and federal habeas review. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (internal citations and quotations omitted). At best, Petitioner asserts that his defense counsel was prevented from making a closing argument at the suppression hearing. (Doc. no. 36, p. 4.) However, that position is not supported by the record, which indicates that his counsel was both offered, and availed himself of, the opportunity to make a closing argument at the suppression hearing. (See doc. no. 21-

2, pp. 91-96) (argument and colloquy between defense counsel and the court at suppression hearing).

Nor do these allegations entitle him to an evidentiary hearing. When failure to develop the factual basis of a claim is the basis for an evidentiary hearing, Petitioner must establish "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(ii). Moreover, Petitioner must also "persuade the [Court] that the proffered evidence would affect the resolution of the claim." Breedlove v. Moore, 74 F. Supp. 2d 1226, 1233 (S.D. Fla. 1999) (citing Bolender v. Singletary, 16 F.3d 1547, 1555 n.9 (11th Cir. 1994)); see also Stephens v. Kemp, 846 F.2d 642, 650-51 (11th Cir. 1988) (same). "[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011). Petitioner's objections do not establish the necessary due diligence because there is no indication that Petitioner lacked the ability to develop these claims prior to presenting them to this Court.

Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254. The Court also **DENIES** the Motion to Exclude Answer-Response (doc. no. 24), **GRANTS** the Motion to Withdraw Motion for Summary Judgment, (doc. no. 31), and the Motion for Summary Judgment is **WITHDRAWN** and **TERMINATED**, (doc. no. 25). Any request for an evidentiary hearing is **DENIED**.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to **ENTER** final judgment in favor of Respondent.

SO ORDERED this 3rd day of September, 2026, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

[2] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.